Paul **ROBERTSON**, Administrator of the Estate of William L. Robertson, Plaintiff-Appellee,

v.

**JEFFBOAT, INC.,** Defendant-Appellant.

No. 80–3136.

United States Court of Appeals, Sixth Circuit.

Decided and Filed June 19, 1981.

Cause Argued April 16, 1981.

Rehearing and Rehearing En Banc Denied Sept. 28, 1981.

Albert Reutlinger, C. Kent Hatfield, Middleton, Reutlinger & Baird, Charles G. Middleton, III, Louisville, Ky., Robert Contois, Jr., Jones, Walker, Waechter, Poitevent, Carrerge & Denegre, New Orleans, La., for defendant-appellant.

John E. Wise, J. Daniel Landrum, Louisville, Ky., for plaintiff-appellee.

Before WEICK and MERRITT, Circuit Judges, and GILMORE, District Judge.*

MERRITT, Circuit Judge.

Defendant, Jeffboat, Inc., a shipbuilder, appeals the district court's finding that its negligence contributed to the death of plaintiff's decedent, William Robertson. Jeffboat was Robertson's employer and the owner of a barge he was helping build at the time of his death. The court below based an award to Robertson's parents on 33 U.S.C. § 905(b), a provision of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.* (LHWCA). We agree with the reasoning of District Judge Allen, and affirm the judgment below.

Robertson drowned after falling off a nearly-completed barge that he was sandblasting in preparation for painting. The accident occurred after dark, and no one saw or heard him fall into the water. Trying the case without a jury, the district court found that Jeffboat was negligent both in its capacity as employer and as vessel owner, but it is only liability in the latter capacity that is relevant here. It found that Jeffboat's provision of "inadequate lighting and failure to supply life rings or alarm bells is sufficient to establish its . . . negligence" as vessel owner. Applying a comparative negligence doctrine that reduced plaintiff's recovery by fifty percent, the court awarded $18,600 in damages.

Plaintiff based his claim against Jeffboat on 33 U.S.C. § 905(b), which in pertinent part provides:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel . . . . If such person was employed by the vessel to provide ship building or repair services [as in this case], no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing shipbuilding or repair services to the vessel [as distinguished from the negligence of the owner of the vessel in its capacity as owner]. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred.

The amendments to the LHWCA replaced the worker's former right to sue for injuries caused by the employer's negligence with an expanded unemployment compensation benefits program funded by the employer. Workers retained the right to sue vessel owners for injuries caused by the owner's negligence, even where the owner is also a shipbuilder employer of the injured workman. Those changes are reflected in § 905(b). In this case Jeffboat is both owner and employer, but the statutory structure requires that negligence in the two capacities be distinguished. *See Smith v. Eastern Seaboard Pile Driving, Inc.,* 604 F.2d 789, 795 (2d Cir. 1979).

The legislative history to the 1972 amendments makes clear that § 905(b) incorporates land-based principles of liability. H.R.Rep.No.92–1441, *reprinted in* [1972] U.S.Code Cong. & Ad.News 4698, 4703. The shipowner is not strictly liable for injuries suffered by longshoremen working on its ship. In *Scindia Steam Navigation Co. v. Santos,* —— U.S. ——, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), a decision issued after oral argument in this case, the Supreme Court determined the principles applicable to suits by longshoremen against shipowners. The Court concluded that while "the shipowner has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop" after stevedoring operations have begun, —— U.S. at ——, 101 S.Ct. at 1624, it does owe a duty of care to workers for dangerous conditions of which it has actual knowledge. In the case, the Court affirmed the Court of Appeals' reversal of summary judgment granted to the shipowner against a longshoreman injured by a malfunction-

---

* The Honorable Horace W. Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

ing winch. It remanded the case, *inter alia*, for further inquiry into the factual question of whether the shipowner had actual knowledge of any defect in the winch that developed after the shipowner relinquished control to the stevedore.

In the instant case as well, liability turns on the shipowner's knowledge of dangerous working conditions, and on the foreseeability of the harm they might cause. As Jeffboat argues, its liability in this case must be based upon its negligence as owner rather than employer, and its actions in the two capacities must therefore be kept distinct. The question is whether the knowledge of defendant as shipbuilder that the employee would be working on the ship at night without adequate lighting or railings to protect him from falling is the kind of knowledge that can also be attributed to defendant as owner. Because Jeffboat *is* both owner and employer, any knowledge chargeable to it as employer must also be attributed to it as owner. What the employer knew, the owner knew. The district court was not clearly in error in concluding that Jeffboat should have anticipated the harm that inadequate lighting and the absence of safety measures might cause.

Accordingly, the judgment of the district court is affirmed.