779 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HENRY DIETLIN, ET AL., Plaintiffs-Appellants,
v.
UNITED STATES STEEL CORPORATION, a Delaware corporation,
Defendant-Appellee.
 84-1589
 United States Court of Appeals, Sixth Circuit.
 10/18/85
 
 AFFIRMED
 E.D.Mich.
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and MILBURN, Circuit Judges; and WISEMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Thirty-seven named plaintiffs, shiprepairers, and their wives, appeal the decision of the United States District Court for the Eastern District of Michigan, granting appellee U.S. Steel's motion for summary judgment.
 
 
 2
 During the 1979 navigation season, plaintiffs-appellants were crew members aboard ships owned by U.S. Steel and operated by U.S. Steel's Great Lakes Fleet management group. Pursuant to their labor agreement, at the close of the navigation season these crew members were offered and accepted positions as shore-based shiprepairers at facilities at U.S. Steel's Calcite plant at Rogers City, Michigan. This facility is operated by the Michigan Limestone Operations management group of U.S. Steel.
 
 
 3
 On January 7 and 8, as part of the winter repairs project, a pulley was removed from open storage on the breakwater at the repair facility and cleaned as a replacement part for the S/S Rogers City, a Great Lakes Fleet vessel. This work was performed under the direction of Mr. Gerald H. Grambau, the General Foreman of Vessel Repairs for Michigan Limestone Operations.
 
 
 4
 During January and February of 1980, the plaintiff shiprepairers contracted histoplasmosis. An investigation by the Center for Disease Control concluded, in a report dated February 20, 1980, that the source of the exposure was air inside the vessel repair building that had been contaminated by histoplasmosis spores. The spores, which are found in seagull droppings, were introduced into the building in soil that was encrusted on the pulley. When the soil was brushed off the pulley during the cleaning process, the spores became airborne and circulated through the ventilation system.
 
 
 5
 Plaintiffs filed suit on April 13, 1984, seeking recovery from U.S. Steel under section 905(b) of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. Sec. 905(b). Section 905(b) provides as follows:
 
 
 6
 In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was services, no such action shall be permitted if the injury was building or repair services to the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.
 
 
 7
 The district court granted U.S. Steel's motion for summary judgment, reasoning that the negligent open storage of the pulleys on the breakwater, by which they became contaminated with histoplasma spores, was not attributable to U.S. Steel as vessel owner, but rather to those persons engaged in vessel repairs.
 
 
 8
 On appeal the shiprepairers do not challenge the ruling that the negligence in storage must be charged to those engaged in ship repairs. They contend, however, that the record also supports a finding of negligence on the part of U.S. Steel as vessel owner.
 
 
 9
 They contend that U.S. Steel, Great Lakes Fleet, was negligent in its capacity as vessel owner in:
 
 
 10
 1. allowing its vessel to be repaired when it was aware that the replacement parts to be used in repairs were contaminated with histoplasma spores,
 
 
 11
 2. directing that replacement parts be used when it knew they were contaminated with histoplasma spores, or knew that they were drawn from a storage area known to be contaminated with histoplasma spores,
 
 
 12
 3. negligently exercising control over the area where repair activities were conducted,
 
 
 13
 4. failing to protect shiprepairers even though it knew of unsafe conditions and knew that U.S.S., Michigan Limestone Operations, could not be relied on to protect its employees, and
 
 
 14
 5. failing to warn its crew members of the dangers presented by spare parts to be used in repairs when it solicited them for repair work.
 
 
 15
 Upon consideration the court is of the opinion that the district court did not err in granting summary judgment in favor of U.S. Steel. The court is unable to agree with appellants' expansive interpretation of Scindia Steam Navigation Co. v. De Los Santos, 451 U.S. 156 (1981), where it appears that the injury-causing contamination by the histoplasmosis spores was caused not by any condition of the vessel then under repair, but indeed by the action of the maintenance and repair crew itself in preparing the contaminated pulley for installation as a replacement part. Liability under appellant's theory, in the opinion of the court, runs contrary to the intention of Congress in its passages of 33 U.S.C. Sec. 905(b) and of the other 1972 amendments to the Longshoremen's and Harbor Workers Compensation Act. See Jones & Laughlin Steel Corp. v. Pfeiffer, 462 U.S. 523 (1983). The court further finds the facts here clearly distinguishable from those before it in Robertson v. Jeffboat, Inc., 651 F.2d 434 (6th Cir. 1981), vacated, 463 U.S. 1201 (1983), and more akin to those in Castorina v. Lykes Bros. Steamship Co., 758 F.2d 1025 (5th Cir. 1985), in which the court found no reason to impose upon a ship owner a greater duty of care toward longshoremen simply because the shipowner conducted its own stevedoring operations:
 
 
 16
 This specific separation of duties and remedies, detailed in the Act, does not change simply because the shipowner directly employs its own stevedoring personnel. In this situation, the stevedore's knowledge of dangerous conditions that may have arisen during the cargo operations should not be imputed to the shipowner, nor should the shipowner be deemed to know that the stevedore's actions in dealing with such dangers are obviously improvident. To impute this knowledge to a shipowner-employer would be to hold it liable in tort for damages arising from its negligence as stevedore, and effectively to eliminate the exclusivity provisions of sections 905(a) & (b). This result is contrary to the language and purpose of the Act as amended. We therefore hold that the duty owed by a shipowner to a longshoreman under section 905(b) is that established by Scindia and its progeny; this duty is neither heightened nor diminished when the longshoreman is employed directly by the vessel.
 
 
 17
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Court for Middle District of Tennessee, sitting by designation